

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA VALLES DE MENDEZ, | No.    13-73385 |
| Petitioner, | Agency No. A095-670-165 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Maria Valles de Mendez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Valles de Mendez' motion to reopen, where she failed to establish that her former attorney's failure to file an application for a waiver under 8 U.S.C. § 1182(h) ("212(h) waiver") constituted ineffective assistance of counsel. *See Mohammed*, 400 F.3d at 793 ("petitioner must demonstrate first that counsel failed to perform with sufficient competence, and, second, that she was prejudiced by counsel's performance"). Valle de Mendez contends that she was eligible for a 212(h) waiver because she was not admitted, but rather was granted adjustment of status and, therefore, the requirement that an applicant for a 212(h) waiver be present for seven years after "admission" should not have barred her eligibility. However, at the time of her proceedings, the relevant precedent conflicted with Valle de Mendez' contention that an adjustment of status did not qualify as an admission for the purposes of a 212(h) waiver. *See, e.g.*, *Matter of Rosas-Ramirez*, 22 I. & N. Dec. 616, 623 (BIA 1999) (alien "was 'admitted' to the United States when her status was adjusted to that of 'an alien lawfully admitted for permanent residence'" because "[a]dmissions also occur after entry through the process of adjustment of status" (quoting 8 U.S.C. § 1255a(b))).

To the extent Valle de Mendez contends that a fundamental change in law, represented by this court's decision in *Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014), warrants reopening of her proceedings, we lack jurisdiction over that unexhausted contention, and note that her appropriate recourse is to file a motion to reopen before the BIA based on a fundamental change in law. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency); *Matter of G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999) (the BIA may exercise its sua sponte authority to reopen where there has been a fundamental change in law).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**